

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2008

# Koenig Eng Inc v. Cent Transp Intl Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3134

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Koenig Eng Inc v. Cent Transp Intl Inc" (2008). *2008 Decisions*. Paper 219.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3134
_____

KOENIG ENGINEERING, INC.,

Appellant,

v.

CENTRAL TRANSPORTATION INTERNATIONAL, INC.

Appellee.
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
Civil Action No. 05-CV-04957
(Honorable J. Curtis Joyner)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on October 27, 2008

Before: McKEE, NYGAARD, and MICHEL* *Circuit Judges*

(Filed November 18, 2008 )

_____

\* Honorable Paul R. Michel, Chief Judge for the United States Court of Appeals for the Federal
Circuit, sitting by designation.

OPINION OF THE COURT

McKEE, <u>Circuit Judge</u>

Koenig Engineering Inc. appeals the district court's judgment in favor of Central Transport International Inc. ("CTI"), and the denial Koenig's motion for a new trial. For the reasons that follow, we will affirm.

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as may be helpful to our brief discussion. Koenig argues that the district court's judgment in favor of CTI should be reversed because Koenig established a *prima facie* claim under the "Carmack Amendment." Pursuant to that amendment, a party must plead and prove "(1) delivery of goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages." *Beta Spawn, Inc. v. FFE Transportation Services, Inc.*, 250 F.3d 218, 223 (3d Cir. 2001).

The district court concluded that Koenig did not satisfy the first prong of that inquiry because it did not establish that the goods were delivered to the initial carrier in good condition. In its succinct but thorough "Decision" dated May 2, 2007, the district court explained that conclusion and the legal reasoning supporting the grant of summary judgment. We have reviewed the record and can add little to the district court's explanation. Accordingly, we will affirm substantially for the reasons set forth by the district court in its May 2, 2007, Decision.

Koenig also argues that the district court erred in denying its motion for a new trial.

2

Fed. R. Civ. P. 59(a) provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues...in an action tried without a jury, for any of the reasons which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusion of law or make new findings and conclusions, and direct the entry of a new judgment.

A new trial should be granted where (1) the new evidence is material and not merely cumulative, (2) could not have been discovered before trial through the "exercise of reasonable diligence," and (3) would probably have changed the outcome of the trial. *Compass Technology, Inc. v. Tseng Laboratories, Inc.,* 71 F.3d 1125, 1130 (3d Cir. 1995).

We review the order denying a new trial for an abuse of discretion. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Roebuck v. Drexel University*, 852 F.2d 715, 735 (3d Cir. 1983).

Here, the district court concluded that CTI's Answer informed Koenig that the condition of the torque converters at the time of delivery would be an issue at trial. The district court was therefore not persuaded by Koenig's attempt to argue "surprise," and neither are we. We conclude that the district court did not abuse its discretion in denying a new trial.

For all of the above reasons, we will affirm the district court's judgment for CTI and its denial of Koenig's motion for a new trial.

3